UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:21CR548 SRC (SPM) |
| | ) | |
| ANTHONY WILLIS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

All pretrial matters in the above-referenced case have been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). On March 1, 2022, following a hearing conducted pursuant to *Faretta v. California,* 422 U.S. 806 (1975), the Court granted Defendant Anthony Willis's request to represent himself in this matter. On March 28, 2022, the date that pretrial motions were due, Mr. Willis filed a document entitled "Affidavit: Notice of Nil Dicit Default Judgment." (Doc. 42). After discussing the filing with the parties at a hearing on May 9, 2022, the Court construes the Notice of Nil Dicit Default Judgment as a motion to dismiss the indictment. For the reasons discussed below, the undersigned recommends that the motion be denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

Defendant Anthony Willis is charged with one count of being a felon in possession of ammunition in violation of 18 U.S.C. §922(g)(1) (Count 1).  *See* Doc. 2 (Redacted Indictment). He pled not guilty to the Indictment on December 8, 2021, and, through counsel, made a motion for additional time to file pretrial motions. The undersigned granted the motion and, to satisfy the ends of justice, granted additional

requests by defense counsel to extend the deadline for filing pretrial motions through March 28, 2022. *See* Docs. 18, 19, 21, 24, 31, 32, 34 & 35.

On January 7, 2022, the Court received a letter from Mr. Willis, which it construed as a motion to proceed *pro se.* The Court then scheduled a video hearing, pursuant to *Faretta v. California,* 422 U.S. 806 (1975), on January 19, 2022. *See* Docs. 22 & 25. At the time of the scheduled *Faretta* hearing, the defendant refused to appear for the video hearing. The hearing was then rescheduled for an in-person proceeding on February 8, 2022.[1] On February 8, 2022, the defendant again failed to appear for the hearing because he tested positive for the SARS-CoV-2 (Covid 19) virus and could not be transported by the U.S. Marshal Service. As such, the undersigned continued the hearing to March 1, 2022.

On March 1, 2022, Mr. Willis appeared, with counsel, for a hearing pursuant to *Faretta v. California*. Following the hearing, the undersigned concluded that Willis was competent to proceed and had knowingly and voluntarily waived his right to counsel. He was advised that he would be allowed to represent himself. The Court appointed his former attorney, Assistant Federal Public Defender Kayla Williams, as standby counsel. At the close of the hearing on March 1st, the Court reminded the parties that pretrial motions were due no later than March 28, 2022.

On March 28, 2022, Mr. Willis filed a document entitled "Affidavit: Notice of Nil Dicit Default Judgment." Doc. 42. He requested, among other things, that "Cause No. 4:21CR548 SRC SPM be abandoned, due to an Unconscionable Contract." *See* Doc. 42. On April 14, 2022, the Court held a Case Status Hearing by video to confirm that the filing by the defendant was intended to serve as a pretrial motion. Defendant refused to appear by video and the hearing was conducted in his absence. At the hearing, the Court advised Assistant United States Attorney Matthew Martin that the Court construed

---

[1] The Court initially scheduled the in-person hearing on February 2, 2022, but *sua sponte* reset the hearing to February 8, 2022 due to severe weather.

Willis's Notice to be a pretrial motion, requested that any response by the United States be filed no later than April 28, 2022, and scheduled a pretrial motion hearing on May 9, 2022.

On April 28, 2022, the United States filed a response arguing that the defendant's Notice of Nil Dicit Default Judgment did not raise a pretrial challenge on any of the grounds recognized by Federal Rule of Criminal Procedure 12. *See* Doc. 48. The United States further argued that the Court should find that the defendant failed to file any pretrial motion before the March 28, 2022, deadline. *Id.* In the alternative, the United States argued that to the extent the defendant's Notice of Nil Dicit Default Judgment is construed as a pretrial motion, it should be denied. *Id.*

On May 9, 2022, the parties appeared for the scheduled pretrial motion hearing. Defendant clarified that by asking that the cause be "abandoned", he was in fact asking that the indictment be dismissed. Assistant United States Attorney Martin reiterated the argument in the United States' written response and further argued that even if the filing could be construed as a motion to dismiss the indictment, the motion fails because the Indictment complies with the requirements of Fed. R. Crim. P. 7.

## CONCLUSIONS OF LAW

The Court agrees that Willis' Notice of Nil Dicit Default Judgment cites statutory authority that does not apply to this federal prosecution and appears to seek relief (i.e. default judgment) that is not available to a defendant in a criminal prosecution brought by the United States. However, the Notice of Nil Dicit Default Judgment specifically requests that "Cause No. 4:21CR548 SRC SPM be abandoned, due to an Unconscionable Contract." *See* Doc. 42. When questioned about that specific language, Willis indicated the relief he was seeking was for the indictment to be dismissed. The Court acknowledges that an "unconscionable contract" is not a basis for dismissal of an indictment under Fed. R. Crim. P. 12(b). However, given Willis's statements at the May 9th hearing and considering his very limited understanding of the law and federal criminal procedure, the Court will err on the side of a very

3

generous reading of the Notice of Nil Dicit Default Judgment and construe Willis's filing as a facial challenge to the sufficiency of the indictment.

Under Rule 12(b)(3)(B)(v), a defendant may seek to dismiss an indictment for failure to state an offense and defendant must make this facial challenge before trial. Fed. R. Crim. P. 12(b)(3)(B)(v). The requirements for the contents of an indictment are set forth in Fed. R. Crim. P. 7. Fed. R. Crim. P. 7(c) requires that an indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged."  To be legally sufficient on its face and otherwise comport with the requirements of the Sixth Amendment, an indictment must fairly inform the defendant of the crime with which he is being charged in sufficient detail so that he may prepare a defense and invoke the double jeopardy clause in any future prosecutions based on the same conduct.  Fed. R. Crim. P. 7(c); *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Mallen*, 843 F.2d 1096, 1102 (8th Cir 1988), cert. denied, 488 U.S. 849 (1988); *United States v. Bowie*, 618 F.3d 802, 817 (8th Cir. 2010); *United States v. Huggans*, 650 F. 3d 1210, 1217 (8th Cir. 2011).  The test "is not whether [the indictment] could not have been made more definite and certain." *United States v. Tebeau,* 713 F.3d 955, 962 (8th Cir. 2013). Instead, "[a]n indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense . . ." *Huggans*, 650 F.3d at 1218 (quoting *United States v. Hayes*, 574 F.3d 460, 472 (8th Cir. 2009)).

Generally, an indictment which sets forth the words of the statute itself is sufficient, as long as those words fairly inform the defendant of the elements necessary to constitute the offense charged. *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2007); *United States v. McKnight*, 799 F.2d 443, 445 (8th Cir. 1986); *United States v. Powell*, 701 F.2d 70, 73 (8th Cir. 1983). In reviewing the sufficiency of an indictment, the government's allegations are accepted as true, without reference to allegations outside the indicting document. *United States v. Farm & Home Savings Association*, 932

F.2d 1256, 1259, n.3 (8th Cir. 1991).

The three essential elements of felon in possession of a firearm are: (i) previous conviction of a crime punishable by imprisonment for more than one year, (ii) knowing possession of the firearm and (iii) the firearm previously traveled in interstate or affected interstate commerce. *See United States v. Green,* 835 F.3d 844, 852 (8th Cir. 2016). Count 1 of the indictment in this case alleges:

> On or about July 19, 2021, in the City of St. Louis, within the Eastern District of Missouri, ANTHONY WILLIS, the Defendant herein, knowingly possessed a firearm, knowing he had previously been convicted in a court of law of one or more crimes punishable by a term of imprisonment exceeding one year, and the firearm previously traveled in interstate or foreign commerce during or prior to being in the Defendant's possession. In violation of Title 18, United States Code, Section 922(g)(l).

Count 1 of the indictment meets the pleading requirement of Rule 7(c) and comports with the Constitution. Willis's motion fails because the facts asserted in the indictment together with statutory terms assert all the essential elements of the crime charged and are more than sufficient to give Willis notice of the charge he is facing.

## CONCLUSION

In sum, Willis's written submission filed at the time of the pretrial motion deadline set by this Court should be denied because it appears to be based upon statutory authority and other arguments that do not apply to this federal prosecution and because it appears to seek relief (i.e. default judgment) that is not available to a defendant in a criminal prosecution brought by the United States. To the extent Willis's motion can be properly construed as a motion to dismiss the indictment under Fed. R. Crim. P. 12, it should be denied because, for the reasons discussed above, the indictment in this case makes clear the offense charged, sufficiently sets forth the underlying transaction which forms the basis of the charged offense of felon in possession of a firearm, complies with the requirements of Rule 7(c), and comports with the requirement in the Sixth Amendment that the defendant be informed of the nature and

5

cause of the accusation.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant Anthony Willis's "Affidavit: Notice of Nil Dicit Default Judgment" (Doc. 42), construed by the Court as a Motion to Dismiss the Indictment, be **DENIED.**

The parties are advised that they have **fourteen (14)** days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact.  See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

Trial in this case will be set at a later date before the **Honorable Stephen R. Clark.**


SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated: July 20, 2022.

6