UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. S1 4:21CR548 SRC (SPM) |
| ANTHONY WILLIS, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

All pretrial matters in the above-referenced case have been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). This matter is before the Court on Defendant Anthony Willis's Motion to Dismiss the Superseding Indictment, which was filed on September 2, 2022. *See* Doc. 82. On September 29, 2022, the United States filed its response opposing Willis's motion on grounds that the arguments raised are not legally cognizable reasons for dismissing the superseding indictment. *See* Doc. 87. After carefully considering the parties' written submissions, for the reasons discussed below, the undersigned recommends that the motion be denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

The original indictment and the superseding indictment both charged Willis with one count of being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1).[1] Unlike the original indictment, the superseding indictment also lists some of Willis's prior convictions and alleges that

---

[1] Willis sought to dismiss the original indictment in a document entitled "Affidavit: Notice of Nil Dicit Default Judgment," Doc. 42, in which he sought to dismiss the original indictment "due to an Unconscionable Contract." After hearing arguments, the Court entered a Report and Recommendation denying the motion and the referral of pretrial matters was terminated. After a federal grand jury returned the superseding indictment, U.S. District Judge Stephen Clark re-referred all pretrial matters to the undersigned.

Willis has three or more prior convictions for a violent felony, or a serious drug offense committed on occasions different from one another. *See* Doc. 64. On August 19, 2022, Willis, who is proceeding *pro se*, was arraigned on the superseding indictment and indicated that he wished to file one or more pretrial motions. Finding that the ends of justice so required, the undersigned granted Willis's request for time to file pretrial motions and entered a scheduling order setting the deadline for pretrial motions on September 2, 2022. *See* Doc. 79.

On September 2, 2022, in compliance with the Court's scheduling order, Willis filed a motion to dismiss the superseding indictment arguing, among other things, that the superseding indictment was the result of a vindictive prosecution by the Assistant United States Attorney. *See* Doc. 82. On September 29, 2022, the United States filed its response arguing, among other things, that the Supreme Court's decision in *Wooden v. United States,* 142 S.Ct. 1063 (2022), made it necessary for the government to pursue a superseding indictment to explicitly include Willis's criminal history. *See* Doc. 87. Willis's pretrial motion is now fully briefed ready for a ruling.

## CONCLUSIONS OF LAW

In seeking to dismiss the superseding indictment, Willis contends there has been a "substantial failure to comply with the provisions of Title 28 and Rule 6 of the Federal Rules of Criminal Procedure." Doc. 82, at p. 1. Willis suggests there has been a "defect" in the prosecution against him and requests disclosure of grand jury materials pursuant to 28 U.S.C. §1867(f) and Fed. R. Crim. P. 6(3)(e)(ii) including "[1] A list of the grand jury members, their required and legal qualifications, and a copy of their oaths taken; [2] a list of everyone that was present while the grand jury was in session; [3] A list of everyone, by name and Title that was present during deliberation and voting of the grand jury." Doc. 82, at p. 1. Willis further argues the superseding indictment should be dismissed because it is the result of a vindictive

and retaliatory prosecution that violates due process. *Id.* at p. 2-3.  Finally, although the basis is far from clear, Willis argues this Court lacks both personal and subject matter jurisdiction. *Id.* at p. 3-11.

The Court will address each of these arguments, in turn.

A. **DISCLOSURE OF GRAND JURY MATERIALS**

Willis contends he is entitled to an order for disclosure of Grand Jury proceedings pursuant to Title 28, United States Code, Section 1867 and Federal Rules of Criminal Procedure Rule 6(e). Although defendants are, generally, entitled to inspection of ministerial records regarding the empaneling of grand juries in this district, *United States v. Alden*, 576 F.2d 772 (8th Cir.), cert. denied, 439 U.S. 855 (1978); *see also, Test v. United States*, 420 U.S. 28, 30 (1975), the Supreme Court has recognized a "long established policy that maintains the secrecy of the grand jury proceedings in the federal courts." *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 681 (1958).  The Supreme Court has held that "the proper function of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218 (1979).  The exceptions to this policy are extremely limited.

Indeed, under section 1867 Willis must show, through a sworn statement of facts, that there was a substantial failure to comply with the procedures for selecting a Grand Jury. Rule 6(e)(3)(E)(ii) of the Federal Rules of Criminal Procedure provides that disclosure of Grand Jury materials may be had "when permitted by a court at the request of the defendant, upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the Grand Jury."  Fed. R. Crim. P. 6(e)(3)(C)(ii). The Eighth Circuit has expressed the balance between the policy of secrecy which is to be afforded Grand Jury proceedings and the limited exceptions in which disclosure may be made by recognizing that "the party moving for disclosure must establish a 'particularized need'." *United*

*States v. Sileven*, 985 F.2d 962, 965 (8th Cir. 1993); *United States v. Faltico*, 687 F.2d 273, 276 (8th Cir. 1982), *cert. denied*, 460 U.S. 1088 (1983).  *See also, Smith v. United States*, 423 U.S. 1303, 1304 (1975).

Willis has not complied with the requirement under section 1867 that he show through a sworn statement of facts that there was a substantial failure to comply with the procedures for selecting a Grand Jury. Nor has Willis even attempted to establish a "particularized need" for disclosure of Grand Jury proceedings. Rather, Willis baldly asserts there was an unspecified "defect in instituting the prosecution; (causing) an error in the grand jury proceedings" and simply asks to inspect and copy records involving the selection process, among other things. *See* Doc. 82, at p. 1. "Grand jury proceedings are 'afforded a strong presumption of regularity, and a defendant seeking to overcome that presumption faces a heavy burden.'" *United States v. Carroll,* Case No. 4:21-CR-532 SEP, 2022 WL 378215 at *2 (E.D. Mo. Jan. 4, 2022) (quoting *United States v. Wadlington,* 233 F.3d 1067, 1073 (8th Cir. 2000)). Willis has fallen far short of this heavy burden for disclosure of Grand Jury materials. As such, his request for disclosure should be denied.

### B.  Vindictive Prosecution

Willis contends that the superseding indictment should be dismissed due to prosecutorial vindictiveness. Specifically, Willis suggests the United States sought a superseding indictment to retaliate against Willis after Willis exercised his right under the Speedy Trial Act to not consent to the United States request that Judge Clark continue the August 15, 2022, trial setting. The record before this Court does not support Willis's assertions for at least two reasons. First, notwithstanding Willis's suggestions to the contrary, Judge Clark never reached the merits of the motion to continue the August 15, 2022, trial setting. Instead, Judge Clark vacated the setting following the superseding indictment, and thus denied the United States' continuance motion as moot. Doc. 66. Second, the United States' explanation about the reasons it pursued a superseding indictment, both on

4

the record at a status hearing before Judge Clark and in its written submissions, provides an objective non-vindictive explanation for amending the original indictment. *See* Docs. 68 & 87.

Willis suggests that, notwithstanding the United States' explanations, this Court should presume prosecutorial vindictiveness is the animating force behind the superseding indictment. However, it is well-established that "[o]nly in 'rare instances' does the presumption apply." *United States v. Campbell*, 410 F.3d 456, 462 (8th Cir. 2005) (quoting *United States v. Kriens*, 270 F.3d 597, 602 (8th Cir. 2001)). And "[t]here can be no prosecutorial vindictiveness if the prosecutor revised the charge because of... some objective reason other than to punish the defendant for exercising his legal rights." *Id*.

The record in this case establishes that the prosecutor revised the charge to comply with a recent change in Department of Justice policy. Specifically, Judge Clark held a status conference and *Frye* hearing on August 3, 2022. At that hearing, Assistant United States Attorney Martin advised Willis and the Court, on the record in open court, that the Department of Justice adopted a new policy in light of the Supreme Court's recent decision in *United States v. Wood;* and, as a result of that new policy, AUSA Martin would need to seek a superseding indictment to establish that Willis is eligible for the enhanced penalty under the Armed Career Criminal Act. *See* Hrng. Tr. Doc. 68, at p. 12-13.

In sum, Willis's motion to dismiss based on vindictive and retaliatory prosecution fails because the record demonstrates that the prosecutor revised the charge because of an objective reason other than to punish Willis for exercising his legal rights.

### C.  Jurisdictional Challenge

Finally, Willis asserts a variety of theories in support of his argument that this Court somehow lacks personal and subject matter jurisdiction including theories that dismissal is warranted because of the format of the name under which he has been identified in Court documents, his beliefs regarding the nature of his personhood, or other sovereign-citizen like challenges. To the extent Willis's motion to

dismiss is based upon sovereign-citizen-like challenges to this Court's jurisdiction, such arguments have been consistently rejected by this Court. *See United States v. Hobbs*, 2012 WL 2458425 (E.D. Mo. May 15, 2012) (collecting cases); *see also United States v. Hardin*, 489 F. App'x 984, 986 (8th Cir. 2012) (rejecting as meritless sovereign citizen-like challenges); *United States v. Johnson*, 759 F.3d 653, 657 n.2 (7th Cir. 2014) (providing that sovereign citizen-type arguments can take many titles, but at their core "assert that the federal government is illegitimate and insist that they are not subject to its jurisdiction. The defense has no conceivable validity in American law.").

In general, "a federal court always has jurisdiction to determine its own jurisdiction." *United States v. Harcevic*, 999 F.3d 1172, 1178 (8th Cir. 2021) (quoting *United States v. Ruiz*, 536 U.S. 622, 628 (2002)). Congress has conferred subject matter jurisdiction over federal criminal offenses to the district courts, *see* 18 U.S.C. § 3231, and in this case, Willis is charged with one count of the federal criminal offense of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), *see* Redacted Superseding Indictment, Doc. 64.

Furthermore, personal jurisdiction over a federal criminal defendant "depends on whether the defendant has been brought physically before the Court for the litigation of the charge alleged in the superseding indictment." *United States v. Hightower*, 2020 WL 1958455, at *2 (E.D. Mo. Mar. 25, 2020). Here, it is unquestioned that Willis has been brought before the Court for the litigation of the charges alleged in the indictment; and, as a result, personal jurisdiction is proper. *See United States v. Marks*, 530 F.3d 799, 809 (9th Cir. 2008); *see also United States v. Lussier*, 929 F.2d 25, 27 (1st Cir. 1991) ("It is well settled that a district court has personal jurisdiction over any party who appears before it, regardless of how his appearance was obtained.").

For these reasons, the undersigned recommends that the Court (i) find that it has jurisdiction over Willis as a defendant and over this case and (ii) reject Willis's arguments to the contrary.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant Anthony Willis's Motion to Dismiss the Superseding Indictment (Doc. 82) be **DENIED.**

The parties are advised that they have **fourteen (14)** days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact.  *See Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990).

Trial in this case will be set by separate order by the **Honorable Stephen R. Clark.**

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated: October 11, 2022.

7