UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:21-cr-00548-SRC |
| ANTHONY WILLIS, | ) ) ) |
| Defendant. | ) ) |

## Order

According to the United States, St. Louis Metropolitan Police officers attempted to conduct a traffic stop on Defendant Anthony Willis for failing to stop at a stop sign. Doc. 4 at p. 1. Rather than stopping, Willis accelerated his vehicle, violating a second stop sign. *Id.* SLMPD officers utilized spike strips to deflate Willis's tires, but Willis continued driving until he collided with another vehicle traveling in a roundabout intersection. *Id.* at pp. 1–2. After a short foot pursuit, officers arrested Willis. *Id.* at p. 2. Officers located a loaded semiautomatic handgun on the passenger seat of the vehicle Willis wrecked. *Id.* Willis, proceeding pro se, now raises a variety of meritless arguments that he claims warrant dismissal of the one-count superseding indictment, charging him with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(a) and 924(e). Doc. 63–64, 82.

**I.  Factual and procedural background**

The original indictment and the superseding indictment both charge Willis with one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).[1] Docs. 1–

---

[1] Willis sought to dismiss the original indictment in a document entitled "Affidavit: Notice of Nil Dicit Default Judgment," Doc. 42, in which he sought to dismiss the original indictment "due to an Unconscionable Contract." After hearing arguments, the Court entered a Report and Recommendation denying the motion and terminating the referral of pretrial matters. After a federal grand jury returned the superseding indictment, the undersigned re-referred all pretrial matters to U.S. Magistrate Judge Shirley Padmore Mensah.

2, 63–64. Unlike the original indictment, the superseding indictment also lists some of Willis's prior convictions and alleges that Willis has three or more prior convictions for a violent felony, or a serious drug offense, committed on occasions different from one another. *See* Doc. 64. On August 19, 2022, the Court[2] arraigned Willis on the superseding indictment. Doc. 72. Willis indicated that he wished to file one or more pretrial motions. *Id.* Finding that the ends of justice so required, the Court granted Willis's request for time to file pretrial motions and entered a scheduling order, setting September 2, 2022 as the deadline for pretrial motions. Doc. 79.

On September 2, 2022, in compliance with the Court's scheduling order, Willis filed a motion to dismiss the superseding indictment arguing, among other things, that the superseding indictment is the result of a vindictive prosecution by the Assistant United States Attorney. *See* Doc. 82. On September 29, 2022, the United States filed its response arguing, among other things, that the Supreme Court's decision in *Wooden v. United States*, 142 S. Ct. 1063 (2022), made it necessary for the United States to pursue a superseding indictment to explicitly include Willis's criminal history. *See* Doc. 87. On October 11, 2022, Judge Mensah issued a Report and Recommendation, recommending that the Court deny Willis's Motion to Dismiss the Superseding Indictment, Doc. 82. Doc. 88. Willis has not filed objections to the Report and Recommendation, and the time to do so has passed. *See id.*

II.  **Conclusions of law**

    A.  **Disclosure of grand jury materials**

Willis contends that 28 U.S.C. § 1867 and Rule 6(e) of the Federal Rules of Criminal Procedure entitle him to disclosure of grand jury materials. Doc. 82 at p. 2. The Court finds

---

[2] U.S. Magistrate Judge Shirley Padmore Mensah.

that Judge Mensah correctly found that Willis has fallen far short of the heavy burden that must be met for disclosure of such materials.  Doc. 88 at p. 3–4.  Willis's "statements show no 'particularized need' for grand jury materials, rather they are but an expression of a generalized hope . . . that he might find some defect in the grand jury proceedings.  Such 'fishing expeditions' do not provide sufficient grounds for disclosure prior to or at trial." *Thomas v. United States*, 597 F.2d 656, 658 (8th Cir. 1979); *see also United States v. Sileven,* 985 F.2d 962, 965 (8th Cir. 1993) ("[A] defendant seeking disclosure [of grand jury information] must demonstrate a 'particularized need,' and whether to permit such disclosure is within the sound discretion of the trial judge").

   B.     **Vindictive prosecution**

Willis next argues that the Court should dismiss the superseding indictment due to prosecutorial vindictiveness.  Doc. 82 at pp. 3–4.  Specifically, Willis implies that the United States sought a superseding indictment to retaliate against Willis because Willis exercised his right under the Speedy Trial Act and did not consent to the United States request to continue the August 15, 2022 trial setting.  *Id.*   The Court finds that Judge Mensah correctly determined that Willis's argument fails.  *See* Doc. 88 at pp. 4–5.  The record demonstrates that the United States sought a superseding indictment to establish that Willis is eligible for the enhanced penalty under the Armed Career Criminal Act in light of the Supreme Court's recent decision in *Wooden v. United States*, 142 S. Ct. 1063 (2022).[3]  Doc. 68 at 12:15–13:9.  Further, the Court notes that at his arraignment for the superseding indictment, Willis requested additional time to file pretrial motions, preventing the Court from setting trial until his pretrial motions were filed and fully briefed.  *See* Docs. 72–73, 79, 82, 87–88,

---

[3] The Court notes a minor typographical error on page five of the R&R calling the case "*United States v. Wood.*"

3

### C.     Jurisdictional challenge

Last, Willis asserts a variety of theories that the Court somehow lacks personal and subject-matter jurisdiction of this case.  Doc. 82 at p. 4–11.  Willis's theories include that dismissal is warranted because of the format of the name he is identified by in Court documents, his beliefs on the nature of personhood, and other sovereign-citizen like challenges.  *Id.*  The Court finds Judge Mensah correctly rejected Willis's arguments and found that the Court has jurisdiction over this case.  *See* Doc. 88 at pp. 5–6.

### III.    Conclusion

The Court sustains, adopts, and incorporates United States Magistrate Shirley Mensah's [88] Report and Recommendation, and denies Willis's [82] Motion to Dismiss.

Trial remains set for November 15, 2022 at 9:00 a.m. in Courtroom 14-North.

So Ordered this 15th day of November 2022.

*[signature: SLR.CC]*

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE

4